UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 04-4355(DSD/SRN)


Carol Chicocki,

             Plaintiff,

v.                                                     **ORDER**

United States Postal Service,

             Defendant.


        Carol Chicocki, 837 101st Lane N.E., Blaine, MN 554344,
        pro se.

        Perry F. Sekus, Assistant U.S. Attorney, 300 South Fourth
        Street, Suite 600, Minneapolis, MN 55415, counsel for
        defendant.



        This matter is before the court upon defendant's motion for

summary judgment.  Based upon a review of the file, record and

proceedings herein, and for the reasons stated, the court grants

defendant's motion.



                            **BACKGROUND**

        This is an employment discrimination action under Title VII of

the Civil Rights Act of 1964 and the Rehabilitation Act of 1973.

Plaintiff Carol Chicocki is a postal worker.  Plaintiff complains

that defendant United States Postal Service discriminated against

her on the basis of her national origin and disabilities and

retaliated against her for engaging in protected EEO activity.

Plaintiff's claims are based on two separate events.  First, plaintiff claims that defendant failed to accommodate her disabilities when, on June 3, 2003, it refused to transfer her into a "Flat Sorter Machine" position ("first claim").  Second, plaintiff claims that defendant discriminated and retaliated against her when it issued her a "Letter of Warning" on August 15, 2003, because of poor attendance ("second claim").

Plaintiff raised the first claim in a written request for EEO counseling filed September 5, 2003.  Four days later, on September 9, 2003, plaintiff filed a written request for EEO counseling regarding her second claim.  After a pre-complaint investigation was completed, plaintiff took two actions.  First, plaintiff grieved the second claim through her union's grievance process. Defendant and the union settled the grievance by reducing the "Letter of Warning" to an "Official Job Discussion."  Second, plaintiff filed a formal EEO complaint on November 4, 2003. Defendant's EEO department accepted only plaintiff's second claim for investigation.  The department rejected the first claim on the ground that plaintiff had not sought EEO counseling within forty-five days of defendant's alleged failure to accommodate.

Defendant's EEO department dismissed the remainder of plaintiff's complaint on July 13, 2004.  The department found that plaintiff's "Letter of Warning" had been reduced to an "Official Job Discussion," and therefore plaintiff did not suffer an adverse

employment action.  Plaintiff filed the instant action on October 5, 2004.  Defendant now moves for summary judgment.

## DISCUSSION

### I.   Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A fact is material only when its resolution affects the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the non-moving party. See id. at 255.  The non-moving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth

specific facts sufficient to raise a genuine issue for trial.  See
Celotex, 477 U.S. at 324.  Moreover, if a plaintiff cannot support
each essential element of its claim, summary judgment must be
granted because a complete failure of proof regarding an essential
element necessarily renders all other facts immaterial.  Id. at
322-23.

## II.  Plaintiff's First Claim

Defendant argues that plaintiff's failure to accommodate claim
must be dismissed because plaintiff failed to seek EEO counseling
within forty-five days after defendant informed her on June 3,
2003, that she would not be allowed to transfer to the flat sorter
position.   A postal worker bringing a claim for employment
discrimination must initiate contact with an EEO counselor within
forty-five days of the alleged discriminatory action.  See Patrick
v. Henderson, 255 F.3d 914, 915 (8th Cir. 2001) (citing 29 C.F.R.
§ 1614.105(a)(1)).  Plaintiff argues, however, that the limitation
period should be equitably tolled because she did not discover her
claim until August 2003.   In August, plaintiff learned that
defendant was accommodating other employees with disabilities even
though it had failed to accommodate her by permitting her to
transfer.  Therefore, plaintiff concludes that the forty-five-day
limit should not have begun to run until she discovered that she
was being treated differently than other disabled employees.

The court must reject plaintiff's argument.  The limitation period imposed by 29 C.F.R. § 1614.105(a)(1) begins to run "[o]nce the plaintiff is notified of the adverse action."  <u>Lambert v. Potter</u>, 2004 WL 229080, at *6 (D. Minn. Feb. 2, 2004) (citing <u>Peanick v. Morris</u>, 96 F.3d 316, 321 (8th Cir. 1996)).  Equitable tolling of that period "is not available when it is shown that the employee has 'general knowledge' of the right not to be discriminated against ...."  <u>Briley v. Carlin</u>, 172 F.3d 567, 570 (8th Cir. 1999).  Plaintiff does not dispute that, as of June 3, 2003, she knew both (1) of her right to be reasonably accommodated on account of her disability and (2) that the transfer she requested as an accommodation had been denied.  Plaintiff's later discovery that defendant had accommodated other employees is irrelevant because plaintiff already had all the facts she needed to press her own claim of discrimination.  Therefore, the limitation period cannot be tolled, and plaintiff's first claim must be dismissed.

## III. Plaintiff's Second Claim

Defendant argues that it is entitled to summary judgment on plaintiff's second claim because plaintiff has failed to show that the letter of warning ("LOW") it issued to her constituted an adverse employment action.  To establish a prima facie case of either national origin discrimination or disability discrimination, plaintiff must bring forth some evidence that she has suffered an

adverse employment action.  <u>See</u> <u>Wheeler v. Aventis Pharm.</u>, 360 F.3d 853, 857 (8th Cir. 2004) (Title VII case); <u>Crawford v. Runyon</u>, 37 F.3d 1338, 1341 (8th Cir. 1994) (Rehabilitation Act case).  "An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." <u>Duncan v. Delta Consol. Indus., Inc.</u>, 371 F.3d 1020, 1026 (8th Cir. 2004).  Examples of adverse employment actions include termination, reduction in pay or benefits and changes that significantly affect an employee's prospects for advancement.  <u>See</u> <u>id.</u> at 1026.  Minor changes in working conditions that merely inconvenience an employee do not constitute adverse employment action.  <u>See</u> <u>id.</u> at 1026.

Federal courts have previously had occasion to examine whether the issuance of an LOW by the postal service constitutes an adverse employment action.  The consensus is that, without something more, the issuance of a LOW is not adverse action.  <u>See</u> <u>Williams v. Potter</u>, 316 F. Supp. 2d 1122, 1140 (D. Kan. 2004); <u>Devitt v. Potter</u>, 234 F. Supp. 2d 1034, 1040 (D.N.D. 2002).  This proposition is especially sound where, as here, the LOW has subsequently been withdrawn.[1]  <u>Williams</u>, 316 F. Supp. 2d at 1140 (citing <u>Benningfield v. City of Houston</u>, 157 F.3d 369, 377 (5th Cir. 1998)).  Plaintiff

---

[1]  Plaintiff pointed out in her complaint that, despite the LOW having been reduced to an official job discussion, the LOW was not removed from her personnel file.  Defendant states in its memorandum and substantiates by declaration that it has now removed and destroyed the LOW and that its failure earlier to do so was inadvertent.  (Def.'s Mem. Supp. Mot. Dismiss & Summ. J. at 8; Oveson Decl.)  Plaintiff does not challenge defendant's assertion.

speculates that the LOW would prevent her from obtaining "promotions, transfers and special details" in the future. (Am. Compl. at 3.) Plaintiff, however, offers no evidence to substantiate that claim. Nor has plaintiff offered any other evidence that she has suffered or is likely to suffer adverse consequences as a result of the LOW or the official job discussion. Therefore, because plaintiff has failed to establish a prima facie case of discrimination, defendant is entitled to summary judgment.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. No. 15] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 26, 2005

s/David S. Doty_____
David S. Doty, Judge
United States District Court